IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| RICHARD D. NEMEC, ) | |
| ) | Bankruptcy No. 12-00986 |
| Debtor. ) | |

**ORDER RE: MOTION TO MODIFY STAY (Doc. 11)**

This matter came before the undersigned on July 3, 2012 for final hearing on the Motion to Modify Stay (Doc. 11). Attorney Ray Terpstra appeared for movant Liberty Bank, FSB. Attorney Janet Hong appeared for Debtor Richard D. Nemec. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**STATEMENT OF THE CASE**

Liberty Bank wishes to proceed with a foreclosure petition against RDN Properties, L.C. Debtor objects. He asserts a pending buyout of RDN real estate would benefit the Bank and other creditors by allowing him to use equity in the property to pay into his Chapter 13 plan.

**FINDINGS OF FACT**

Debtor is the sole shareholder of RDN Properties, L.C. RDN executed a one-year commercial note with the Bank on January 10, 2011 for $243,569.50. The note is secured by a Mortgage dated August 2, 2004. The real estate is on 10th Street and 1st Avenue NW in Cedar Rapids, Iowa. Debtor personally guaranteed the debt. The Bank filed a foreclosure petition on February 16, 2012 naming both RDN and Debtor as defendants.

The Bank requested appointment of a receiver in the foreclosure proceeding. At the receivership hearing, it entered into an agreement with RDN to forbear further action if payments were made. RDN did not follow through with the agreement. The deadline for Debtor to sign the settlement documents on behalf of RDN was May 17, 2012. Debtor instead filed this Chapter 13 case on that date. The Iowa District Court stayed the foreclosure proceeding based on Debtor's bankruptcy filing. The Bank subsequently dismissed Debtor as a defendant in the foreclosure proceeding.

## THE ARGUMENTS

The Bank argues the real estate owned by RDN is not property of the bankruptcy estate and the automatic stay does not apply to the foreclosure proceeding. Imposing the stay is the equivalent of a preliminary injunction which is not justified as no unusual circumstances exist. The foreclosure proceedings will not deplete property of Debtor's bankruptcy estate. The Chapter 13 co-debtor stay does not apply to protect non-debtor business debt. The Bank asserts this should have been filed as a Chapter 11 case by RDN. Chapter 13 is not the appropriate vehicle to modify claims of a secured commercial creditor. The Bank has separate foreclosure proceedings against property owned by Debtor individually – a 4-plex and his homestead – which it concedes are stayed. It argues the Chapter 13 petition and plan were filed by Debtor in bad faith.

Debtor states he is in the process of selling the RDN real estate through a flood buyout program and can pay off the Bank's loans through his Chapter 13 Plan. The Plan calls for the RDN property to be liquidated. Debtor claims an equitable interest in the property personally, which is now the bankruptcy estate's interest, for the equity existing after paying the few debts of RDN. He is pursuing a buyout

2

through the City of Cedar Rapids which would pay more than $320,000. The Bank's claim is approximately $250,000. The equity is property of the estate based on his sole ownership interest in RDN. Debtor expects the buyout to be finalized within the next few months. The proceeds will pay off the Bank's mortgage and Iowa tax liability, with the remainder pouring over to fund the Chapter 13 plan.

Debtor argues the Court can grant injunctive relief for parties closely aligned with him. Also, the property is in Debtor's possession and subject to the automatic stay. Debtor also invokes § 105(a) requesting a preliminary injunction under the four traditional factors for injunctive relief. He argues the purposes of the automatic stay would be furthered by staying the foreclosure and the Bank will not be prejudiced because it will be paid with the proceeds of the buyout.

## CONCLUSIONS OF LAW

This Court held, in In re Calhoun, 312 B.R. 380, 384-85 (Bankr. N.D. Iowa 2004) (Kilburg, C.J.), a Chapter 7 case, that only the named debtor is protected by the automatic stay. While a debtor's interest in an LLC is property of the estate, the automatic stay does not apply to stay actions against separate entities associated with debtor. Id. at 384; see also In re Peoples Bankshares, Ltd., 68 B.R. 536, 539 (Bankr. N.D. Iowa 1986) (finding the automatic stay of § 362(a) is not applicable to the exercise of the Superintendent of Banking's regulatory authority over five subsidiary banks owned by the Chapter 11 debtor).

The court in In re Brittain, 435 B.R. 318, 322 (Bankr. D.S.C. 2010), came to the same conclusion in a Chapter 13 case. It noted that the individual debtors had no ownership interest in property owned by an LLC which was solely owned by the debtors. Id. The court further stated that the debtors' possessory interest in the LLC's property was insufficient to constitute property of the estate as they had no

separate basis for possession other than their ownership of the LLC.  Id. at 323-24. In In re Johnson, 209 B.R. 499, 500 (Bankr. D. Neb. 1997), a Chapter 12 case, the court likewise stated that the automatic stay is not violated by levying upon corporate assets owned by a co-debtor.  The cases addressing this issue have mostly concluded, as a general rule, that

> unless a corporation is itself a bankruptcy debtor, the automatic stay afforded to an individual debtor under § 362(a) does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock.

In re Furlong, 437 B.R. 712, 721 (Bankr. D. Mass. 2010).

In In re McCormick, 381 B.R. 594, 596 (Bankr. S.D.N.Y. 2008), the debtor requested the § 362(a) automatic stay be extended under § 105(a) to his limited liability corporation.  The court noted that an LLC is not a "codebtor" under § 1301(a) which applies only to individuals and consumer debt.  Id. at 598.  The LLC could file its own bankruptcy case which would invoke the automatic stay on its behalf.  Id. at 602.  The court concluded the debtor had failed to show the pending actions against the LLC would have "an immediate adverse economic consequence to the estate's interest in the LLC's stock."  Id.

The Eighth Circuit has stated that the equitable powers of § 105(a) may only be invoked if the equitable remedy requested is "demonstrably necessary" to preserve a right provided elsewhere in the Bankruptcy Code.  United States Commodity Futures Trading Comm'n v. NRG Energy, Inc., 457 F.3d 776, 781 (8th Cir. 2006).  This Court has repeatedly held that the powers of § 105(a) may not be applied to override the mandates of the Code.  In re Nichols, 2010 WL 4922438, *2-3 (Bankr. N.D. Iowa 2010); In re Harbaugh, 2003 WL 21057065, *3-4 (Bankr. N.D. Iowa 2003).

The Bankruptcy Code defines property of the estate in § 541(a)(1) as "all legal or equitable interest of the debtor in property as of the commencement of the case." The Code limits the Chapter 13 codebtor stay to acts to collect "consumer debt of the debtor from any individual that is liable on such debt with the debtor." 11 U.S.C. § 1301(a). Also, only an "individual" may be a debtor under Chapter 13. 11 U.S.C. § 109(e). In contrast, a "person," which includes an individual, partnership or corporation, may be a debtor under Chapter 7 or Chapter 11. 11 U.S.C. § 109(b), (d); 11 U.S.C. § 101(41).

There are similarities between Debtor's argument against relief from the stay in this case and reverse piercing of the corporate veil. In In re Schuster, 132 B.R. 604, 607 (Bankr. D. Minn. 1991) (Kishel, J.), the Chapter 7 trustee and two creditors of a corporation sought a "reverse piercing" of the corporate veil in which the corporate entity is disregarded at the behest of insiders of the corporation. The court stated:

> In a novel wrinkle on the doctrine applied in these cases, however, Plaintiffs urge that it be applied to disregard the corporate entity in order to make a corporation's assets liable for the debts of one of its individual principals.

Id. The court found the trustee had standing to prosecute the claim under the broad scope of the relevant Minnesota law. Id. at 612.

Whether to allow a corporate veil to be pierced is governed by state law. Stoebner v. Lingenfelter, 115 F.3d 577, 579 (8th Cir. 1997). The Iowa Supreme Court has stated:

> A corporate veil may be pierced only under "exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate business purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice."

5

C. Mac Chambers Co. v. Iowa Tae Kwon Do Academy, Inc., 412 N.W.2d 593, 597 (Iowa 1987), quoting Briggs Transp. Co. v. Starr Sale Co., 262 N.W.2d 805, 810 (Iowa 1978).   In considering the "reverse pierce" doctrine in Hawkeye Bank & Trust, N.A. v. Baugh, 463 N.W.2d 22, 25 (Iowa 1990), the court highlighted "the danger of a debtor being able to raise or lower his corporate shield, depending on which position best protects his property."   Id.   The court held a reverse pierce should only be allowed in the most carefully limited circumstances.   Id.

The court in In re Lane, 215 B.R. 810, 813 (Bankr. E.D. Va. 1997), stated that the act of disregarding the corporate entity is to be exercised with reluctance and caution.   It refused to allow a Chapter 13 debtor to retain collateral vehicles and treat corporate creditors as secured under her Chapter 13 plan.   Id. at 814.   In In re Loughnane, 28 B.R. 940, 942 (Bankr. D. Colo. 1983), the issue was whether the IRS's proceedings against corporate property violated the automatic stay of actions against property of the individual debtor's bankruptcy estate.

> In effect, the debtor seeks to pierce the corporate veil on his own behalf. In referring to Colorado law to determine what is the property of the estate, it is clear that the corporate veil cannot be pierced at the whim and caprice of corporate officers.

Id.   The court stated the technical, legal distinctions between individuals and corporations will be respected with reference to the automatic stay in bankruptcy. Id.; Peoples Bankshares, 68 B.R. at 539 (same).

## ANALYSIS

Based on the foregoing, the Court concludes that the stay arising in Debtor's individual case does not apply to actions against property owned by his solely-owned entity, RDN Properties, L.C.   The Court will not invoke its equitable powers under § 105(a) to extend the stay to cover the Bank's foreclosure proceeding

against RDN. Doing so would violate the mandates of the Bankruptcy Code which extends the codebtor stay to individuals and consumer debt. RDN is not an individual and the debt is not consumer debt. Additionally, only an individual, not corporations, are entitled to utilize the protections of Chapter 13.

A reverse piercing of the corporate veil is only allowed in the most carefully limited circumstances under Iowa law. Debtor's wish to extend the Chapter 13 automatic stay to protect RDN's property is an attempt to reverse pierce the corporate veil in order to make RDN's assets liable for the debts of Debtor, the sole shareholder of RDN. Under Iowa law, such lowering of the corporate shield at the whim of a principal of the corporation is inappropriate. The automatic stay does not protect property of RDN Properties, L.C., a non-debtor.

**WHEREFORE**, the Motion to Modify Stay (Doc. 11) is GRANTED.

**FURTHER**, the automatic stay does not apply to the foreclosure proceeding instituted by Liberty Bank, FSB against RDN Properties, L.C.

Dated and Entered: July 10, 2012

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE